## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Shannon Fredericksburg Motor Inn, Inc.

v.

Spotsylvania County Board of Supervisors

July 12, 1977

By JUDGE JOHN A. JAMISON

The question for decision is whether or not the ordinance adopted on January 13, 1977, by the Board of Supervisors of Spotsylvania County (Board) "downzoning" plaintiff's land, and other property referred to as "Maple Grove," from R-2 Residential to R-1 Residential was a valid exercise of the Board's legislative authority.

The Bill for Declaratory Judgment alleges in Paragraphs 10, 11, 12, 13, 14 and 15 that the Board's enactment of the ordinance is contrary to the land use pattern adopted by defendant in its Master Plan; that certain other tracts of land in the area of downzoning were excepted on a discriminatory basis; that there has been no change in circumstances substantially affecting the public welfare of the area since the adoption of the comprehensive zoning ordinance, which would justify the Board's action in this case; that the ordinance in question is unreasonable, arbitrary and capricious; that in adopting the ordinance the Board violated plaintiff's rights of due process as guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States, and that the plaintiff was denied equal protection of the laws.

No evidence was taken on the allegations in the foregoing paragraphs of the Bill and the question of the validity of the ordinance has been submitted to the court without reference to them. Only plaintiff's contention in Paragraph 16 of the Bill which alleges irregularity

and illegality in the method and procedure followed by the Board in adopting the ordinance is to be considered.

Plaintiff contests the validity of the ordinance because of the Board's failure to follow *Robert's Rules of Order* previously adopted as its official parliamentary procedure, by not having a second to the motion to adopt the ordinance. Its validity is also complained of because it contains a provision whereby "Maple Grove," another tract owned by a third party, was also downzoned upon the condition that the Attorney General of Virginia at some later date render a favorable opinion concerning that zoning.

Plaintiff believes that, because these "downzonings" were passed in the same ordinance and the Maple Grove downzoning being void because of the attached conditions, then both downzonings are void.

The Attorney General on April 11, 1957, in an earlier opinion in a similar matter from another county, expressed the opinion that a second to a motion was not a prerequisite to establishing the validity of an ordinance subsequently adopted by that Board of Supervisors. Counsel for the Board cites this opinion in its memorandum and refers to Section 15.1-540 of the Code which prescribes the method by which questions submitted to the Board of Supervisors are determined. The Attorney General holds that any ordinance adopted pursuant to that section would be valid notwithstanding the failure of a motion to receive a second. Counsel for the Board believes that the adoption by the Board of *Robert's Rules of Order* is irrelevant and that the Board has the inherent power to abolish, suspend, modify or waive its own rule. The Plaintiff, of course, does not agree.

The Board, citing 62 C.J.S., *Municipal Corporations*, Section 416(c), contends that "courts ordinarily will not annul or invalidate an ordinance enacted in disregard of parliamentary rule, provided the enactment is made in the manner required by statute (which the Board says is the case here). The rules of parliamentary practice are merely procedural, and not substantive." The Board further cites *City of Pasadena* v. *Paine*, an old California case, which is to the effect that parliamentary rules simply assist the governing body in conducting its affairs in an orderly fashion but their strict observance is not

mandatory. Consequently, a failure to observe one of them is not jurisdictional and does not invalidate action which is otherwise in conformity with the law. The Board says that in this instance the fact that the niceties of parliamentary rules were not followed would not render the ordinance illegal.

The Board also emphasizes that § 15.1-540, effective at the time the ordinance in question was passed, had ·modified an· older statute on the matter of "supervisors *present*" and "supervisors *voting*." At the time this ordi- · nance was adopted a viva voce vote of a majority of the supervisors *voting* was, and still is, required. Another of plaintiff's objections is that although all Board members were present, only one, M. E. Hicks, voted and the others abstained. There is nothing in § 15.1-540 that would require a member to vote or to make invalid an act in which one or more members abstained. Accordingly, as unusual as it may be, a 1 to 0 vote is not per se an improper one. But, back to the question of whether or not failure to follow *Robert's Rules* renders the ordinance invalid. Exhibit "B" of plaintiff's Motion for Declaratory Judgment is an excerpt of the minutes of the Board for January 8, 1976, and ·reads as follows: "Mr. Seay made a motion, seconded by Mr. Arritt and unanimously passed to follow the Robert's rules or order for all meetings." It would have been helpful if the minutes had stated which edition of *Robert's Rules* were contemplated. In the absence of a specified edition or revision of *Robert's Rules*, it would go without saying that the Board intended to adopt the latest, or most recently revised, set of *Robert's Rules of Order*. The latest publication is "Robert's Rules of Order Newly Revised," a new and enlarged edition by Sarah Corbin Robert, published by Scott, Foresman and Company in 1970, and was the most recently revised edition in effect on January 8, 1976, when the parliamentary rules were adopted. A copy of the work's title page with revision and copyright information ˙is attached as an appendix to this opinion. The note at the bottom of the title page reads as follows:

> This new revision [of Robert's Rules] supersedes, but has been written to be in complete harmony with, the preceding edition of Robert's Rules

of Order Revised. This book automatically re-places "Robert's Rules of Order Revised" as the parliamentary authority in organizations whose bylaws prescribe "Robert's Rules of Order Revised," or "the current edition of Robert's Rules of Order," or the like, without specifying a particular edition.

On page 30 we find the following language:

After debate or the taking of a vote has begun, the lack of a second has become immaterial and it is too late to make a point of order that the motion has not been seconded. If a motion is considered and adopted without having been seconded--even in a case where there was no reason for the chair to overlook this require-ment--*the absence of a second does not affect the validity of the motion's adoption.* [italics added]

Clearly, in view of the foregoing, the modern practice is to ignore or even dispense with seconds to motions, as a requirement before a vote is taken. Therefore, it would appear that the Board did not violate the modern practice in its adoption of the ordinance in question. As unusual as the vote was, 1 to 0 with four members abstain-ing, the requirements of § 15.1-540 of the Code were not violated, nor was *Robert's Rules*, the Board's own criterion for orderly procedure. Even assuming the Board's procedural rules required a second, the weight of modern authority is plainly that an ordinance enacted in compli-ance with the statute will not be held void because in its passage one of the parliamentary rules was violated. Liberal construction is generally applied to the action of governing bodies, whether it be a municipal, county or state legislative action, unless, of course, the applic-able law renders failure to observe mandatory requirements vital. That does not appear to be the case here. See *McQuillin, Municipal Corporations*, §§ 13.42 and 13.42a. Such rules, even though adopted pursuant to statute by a Board of Supervisors, are for the simple purpose of facilitating and rendering orderly the Board's official

actions, and the custom of following such rules is simply procedural and not jurisdictional. Accordingly, the adoption of the ordinance with respect to the plaintiff's property is valid.

Although I am not asked to rule, nor should I, regarding the downzoning of the Maple Grove property, it does become necessary to consider that part of the ordinance because of the allegation of its invalidity as it affects plaintiff's downzoning complaint. Is the entire ordinance void because the requirement that a favorable opinion regarding Maple Grove by the Attorney General must be obtained before that part of the ordinance becomes effective? I think not. Is this unlawful conditional zoning? Assuming, without deciding that it is, is that part pertaining to the Maple Grove property severable from the other part of the ordinance which has just been held to be valid? I believe it is.

Article 6-1 of the Spotsylvania County zoning ordinance specifically allows for the severance of any portion of an ordinance held not valid; and such authority would come into play here. Accordingly, if that portion of the ordinance making the same subject to a favorable opinion of the Attorney General should ever be declared void, which this opinion does not undertake to do, it is clearly severable from that portion which is declared herein to be valid.